UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ERICA CLOUD, | No. C 12-05759 LB |
| Plaintiff, | **ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S ACTION** |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

On November 9, 2012, Erica Cloud, through her counsel Harvey Sackett, filed a complaint against the then-Commissioner of the Social Security Administration ("SSA"), Michael Astrue, that asks the court to review the SSA's decision denying her claim for disability benefits.[1] Complaint, ECF No. 1.[2] Mr. Astrue answered her complaint on February 28, 2013. Answer, ECF No. 10. Originally, Ms. Cloud's motion for summary judgment was due by March 28, 2013, Social Security Procedural Order, ECF No. 2 (providing that, in such cases, a plaintiff's summary judgment motion is due within 28 days of the filing and service of a defendant's answer), but the court approved the parties' two stipulations to allow her additional time to file it, Order Approving First Stipulation Extending Time, ECF No. 15; Order Approving Second Stipulation Extending Time, ECF No. 17. In the second order, filed on June 3, 2013, the court, at the request of the parties, gave Ms. Cloud

---

[1] Mr. Astrue was succeeded by current-Commissioner Carolyn Colvin on February 14, 2013.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-05759 LB
ORDER

until August 2, 2013 to file her motion for summary judgment and Defendant until August 30, 2013 to file any opposition and cross-motion for summary judgment. Order Approving Second Stipulation Extending Time, ECF No. 17 at 1. Then, on July 10, 2013, the court approved Ms. Cloud's request to represent herself *in pro per* and to allow Mr. Sackett to withdraw as her attorney. Order of Substitution of Counsel, ECF No. 19.

Ms. Cloud did not filed any motion for summary judgment, even though her deadline for doing so was August 2, 2013. Accordingly, on December 11, 2013, the court ordered Ms. Cloud to show cause, in writing and by December 18, 2013, why her action should not be dismissed for failure to prosecute. Order to Show Cause, ECF No. 20. To date, Ms. Cloud has filed neither a summary judgment motion nor a response to the court's order to show cause, and the court has received no further indication that she intends to prosecute this action. *See generally* Docket.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal. Ms. Cloud has not filed a summary judgment motion, even though it is past the court's deadline for doing so, and she has failed to respond to the court's order to show cause. This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving. There also is no risk of prejudice to the Defendant. Finally, the court has given her

1  many opportunities to do so: it extended the deadline for filing her motion twice and also
2  specifically notified her that she was past the deadline and gave her a chance to explain to the court
3  why she missed it.  She has failed to take advantage of these opportunities.
4      In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal.
5  Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Ms. Cloud's action for failure to
6  prosecute.  The Clerk of the Court shall close the file.
7      **IT IS SO ORDERED.**
8  Dated: December 20, 2013

   _____
   LAUREL BEELER
   United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C 12-05759 LB
ORDER                                3